UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SMASH ENTERPRISES PTY LTD., an Australian corporation | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Cause No. 4:16-CV-00490 |
| URMAN, INC., a Delaware corporation; and MANUEL DEL CASTILLO, an individual, | § § § § § | |
| Defendants. | § | |

## DEFENDANT URMAN, INC.'S ORIGINAL ANSWER

TO THE HONORABLE COURT:

Urman, Inc. files this answer to the Original Complaint filed by Smash Enterprises Pty Ltd:

1. This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 1.

2. This Defendant admits the allegations contained in Paragraph 2.

3. This Defendant admits the allegations contained in Paragraph 3.

4. This Defendant denies the allegations contained in Paragraph 4.

5. This Defendant denies the allegations contained in Paragraph 5.

6. This Defendant admits there is diversity of citizenship between itself and Smash but denies the remaining allegations contained in Paragraph 6.

7. This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 7.

8. This Defendant admits the allegations contained in Paragraph 8.

9. This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 9.

10. This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 10.

11. This Defendant admits the allegations in Paragraph 11.

12. This Defendant admits that the Agreement provided it was to be the exclusive Distributor but denies Plaintiff complied with the Agreement.

13. This Defendant denies that the Agreement was renewed as alleged in Paragraph 13.

14. This Defendant denies the allegations contained in Paragraph 14.

15. This Defendant admits the allegations contained in Paragraph 15.

16. This Defendant denies the allegations contained in Paragraph 16.

17. This Defendant denies the allegations contained in Paragraph 17.

18. This Defendant denies the allegations contained in Paragraph 18.

19. This Defendant denies the allegations contained in Paragraph 19.

20. This Defendant denies the allegations contained in Paragraph 20.

21. This Defendant denies the allegations contained in Paragraph 21.

22. This Defendant denies the allegations contained in Paragraph 22.

23. This Defendant denies the allegations contained in Paragraph 23.

24. No answer is required and this Defendant adopts its responses to Paragraphs 1-23.

25. This Defendant admits that it entered into an Agreement in 2011 but denies it can be the basis of Plaintiff's claims.

26. This Defendant denies the allegations contained in Paragraph 26.

27. This Defendant denies the allegations contained in Paragraph 27.

28. This Defendant denies the allegations contained in Paragraph 28.

29. This Defendant denies the allegations contained in Paragraph 29.

30. No answer is required and this Defendant adopts its responses to Paragraphs 1-23.

31. This Defendant denies the allegations contained in Paragraph 31.

32. This Defendant denies the allegations contained in Paragraph 32.

33. This Defendant denies the allegations contained in Paragraph 33.

34. This Defendant denies that Plaintiff is entitled to the relief that it seeks.

## Affirmative Defenses

35. Plaintiff breached the Agreement by failing to give Urman the Exclusive territory as promised.

36. Plaintiff breached the Agreement by taking Urman's confidential information and using it for its own benefit.

37. Plaintiff has failed to properly credit the Urman account for returned product.

38. Plaintiff failed to deliver marketable products.

## Counter Claim

Urman, acting hereinafter as Counter Plaintiff, complains of Smash, as follows:

39. On June 28, 2011, Urman and Smash entered into a written agreement which is attached to Plaintiff's Original Complaint.

40. Pursuant to Paragraph 12 of the Agreement, Smash agreed that all information disclosed by Urman to Smash, including Urman's customer lists and customer contacts, was confidential information and not to be used by Smash.

41. The terms of Paragraph 12 expressly survived the termination of the Agreement.

42. Smash violated Paragraph 12 of the Agreement by wrongfully inducing Urman's employee, Alejandro Ordonez, into disclosing Urman's customers and customer contacts, which are Urman's trade secret and confidential information.

43. Smash has taken the wrongfully obtained customer information and given it to Smash employees, who, in turn, are calling on Urman customers.

## Count 1 - Breach of Contract

44. Urman hereby incorporates Paragraphs 39 - 43 as if fully set forth herein.

45. The actions of Smash constitute breach of the Agreement.

## Count 2 - Tortious Interference with Business Relations

46. Urman hereby incorporates Paragraphs 39 - 43 as if fully set forth herein.

47. The actions of Smash constitute tortious interference with business relations.

48. Urman has been damaged by the wrongful conduct of Smash as described in this Counter Claim. Urman's damages are as yet not fully known and are continuing. Urman believes that its damages will exceed one million dollars.

## Attorney Fees

49. Because Smash has breached the Agreement, Urman is entitled to recover its reasonable and necessary attorney fees, both at trial and upon appeal.

Wherefore, Urman prays that this Court enter a judgment against Smash and in favor of Urman, including an award of damages for Smash's breach of contract and tortious interference, for an award of attorney fees, for interest both before and after judgment, for costs and for such other relief to which Urman may show itself justly entitled.

       Respectfully submitted,

/s/ *William C. Ferebee*

---

William C. Ferebee
State Bar No. 06907500
Fed ID 7017
wferebee@ofmflaw.com
O'DONNELL, FEREBEE, & FRAZER, P.C.
Two Hughes Landing
1790 Hughes Landing Blvd., Suite 550
The Woodlands, Texas 77380
281-875-8200
281-875-4962 (fax)
*ATTORNEY FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing was delivered to all counsel of record at the addresses below in accordance with the Federal Rules of Civil Procedure on the 10th day of March, 2016.

Steven A. Heath
saheath@heathsteinbeck.com
HEATH & STEINBECK, LLP
5777 W. Century Blvd., Suite 1670
Los Angeles, California 90045
Telephone: 213-335-6245
Facsimile: 213-335-6246
*ATTORNEY FOR PLAINTIFF*

       /s/ William Ferebee
       William Ferebee