UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SMASH ENTERPRISES PTY LTD., an Australian corporation, <br><br> Plaintiff, <br><br> vs. <br><br> URMAN, INC., a Delaware corporation; and MANUEL DEL CASTILLO, an individual, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIM | Cause No. 4:16-cv-00490 <br><br> Hon. Alfred H. Bennett |

**JOINT DISCOVERY/ CASE MANAGEMENT PLAN
UNDER RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

 **The meeting was held via an exchange of emails over the course of several days beginning on April 11, 2016, and via teleconference on April 13, 2016 between the undersigned counsel.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

 **None.**

3. Briefly describe what the case is about.

 **Plaintiff's Summary:  Plaintiff Smash Enterprises Pty Ltd. ("Smash") filed its lawsuit against Defendants Urman, Inc. ("Urman") and Manuel del Castillo ("Castillo") (collectively, Urman and Castillo are referred to as "Defendants") on February 24, 2016. The operative First Amended Complaint, filed on March 31, 2016, alleges claims for (1) Breach Of Written Contract In Violation Of The United Nations Convention On Contracts For the International Sales Of Goods; (2) Breach Of Written Contract In Violation Of Australian Law; (3) Promissory Estoppel; and (4) Accounts Stated.  Formed as a corporation in 1999 in Melbourne, Australia, Smash is a leading global brand for consumer goods, including 'back to school' products, food storage products, beverage containers,**

stationary, and outside dining products.  On July 15, 2011, Smash entered into an International Distribution Agreement (the "**Agreement**") with Urman, a Delaware corporation based in The Woodlands, Texas, for Urman to be Smash's exclusive distributor of goods for a period of two years in the United States and for a period of three years in Mexico, Central America and South America.  Upon placing a purchase order with Smash, Urman was obligated to pay thirty percent (30%) of the purchase price upon Smash's confirmation of the order, with the balance of the purchase price due and payable within thirty (30) days of Urman's receipt of necessary documentation relating to each shipment. In 2015, Urman failed to comply with the terms of the agreement in making timely payments and Smash notified Urman of the breach on December 14, 2015.  On January 19, 2015, Smash notified Urman that, in light of Urman's failure to cure its breach of the Agreement and bring its account current, Smash had no choice but to terminate the Agreement, with an outstanding balance of $1,022,098.65 owed for products delivered to Urman.  Smash names Castillo under the theory that he is Urman's alter ego.

**Defendant's Summary**:  Smash and Urman entered into a written agreement in which Urman would exclusively sell Smash products in the United States, Central and South America.  As part of the agreement, Smash agreed not to use Urman confidential information, especially its customer contacts.  Smash convinced Urman employee Ordonez to wrongfully access Urman's computer and obtain Urman's customer list and then to deliver Urman's client and contact list to Smash.  Smash, in violation of the agreement, has been using the list to call on Urman contacts and to obtain Urman business.  This is a breach of the Distribution Agreement, tortious interference with Urman's business relations, violations of the Texas Uniform Trade Secrets Act, violations of the Computer Fraud and Abuse Act and breach of Ordonez's confidentiality agreement.  In addition, Urman has returned product to Smash that exceeds any amount owed to Smash.  Finally, Urman has sued Ordonez for breach of his confidentiality agreement with Urman, tortious interference with its business relations, violations of the Texas Uniform Trade Secrets Act and violations of the Computer Fraud and Abuse Act.  Castillo denies he is the alter ego of Urman and denies he is he owner of Urman.

4.      Specify the allegation of federal jurisdiction.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1332(a)(2) and 1332(c)(1), as this is an action between citizens of a U.S. State and citizens or subjects of a foreign state and the amount in controversy, exclusive of interest and costs, exceeds $75,000.  Specifically, Smash is an Australian corporation with its principal place of business in Mitchum, Victoria, Australia, whereas Urman is a Delaware corporation with its principal place of business in The Woodlands, Texas. Accordingly, there exists diversity of citizenship between Smash and Urman.

Jurisdiction in this Court is also appropriate under 28 U.S.C. § 1331(a), in that this action arises out of a treaty of the United States, specifically, the United Nations Convention on Contracts for the International Sales of Goods ("**CISG**").  Venue in District is proper pursuant to 28 U.S.C. § 1391 because Urman's principal place of business is physically located in Montgomery County, Texas, and because certain of the facts and circumstances giving rise to this action took place in Montgomery County, Texas.

**This Court also has jurisdiction pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. Section 1030, et seq.**

5.  Name the parties who disagree and the reasons.

> **None.**

6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

> **The parties do not presently anticipate additional parties in this case. Mr. Ordonez not been served with process.**

7.  List anticipated interventions.

> **The parties do not presently anticipate interventions in this case.**

8.  Describe class-action issues.

> **None.**

9.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

> **The parties have not made their initial disclosures under Rule 26(a), but agree to do so on May 15, 2016, which is after the Initial Pretrial and Scheduling Conference currently set for May 6, 2016.**

10. Describe the proposed agreed discovery plan, including:

> A. Responses to all the matters raised in Rule 26(f).
>
> **The parties discussed and propose the following agreed discovery plan:**
>
> - **May 15, 2016 – Initial Disclosures; parties to serve first set of Interrogatories and first set of Request for Production of Documents either at that time or promptly thereafter.**
>
> - **December 31, 2016 – Deadline to complete non-expert discovery, including depositions of fact witnesses.**
>
> - **The parties will work together to prepare an agreed protective order.**
>
> B. When and to whom the plaintiff anticipates it may send interrogatories.
>
> **Plaintiff anticipates that it will send interrogatories to Defendants by the discovery deadline.**

C.  When and to whom the defendant anticipates it may send interrogatories.

**Defendants anticipate that it will send interrogatories to Plaintiff by the discovery deadline.**

D.  Of whom and by when the plaintiff anticipates taking oral depositions.

**Plaintiff anticipates it will depose the corporate representative of Urman, Castillo, Alejandro Ordonez, and perhaps other witnesses by the discovery deadline.**

E.  Of whom and by when the defendant anticipates taking oral depositions.

**Defendants anticipate it will depose the corporate representative of Smash, and perhaps other witnesses by the discovery deadline, including Jason Harbison, David Malone, Peter Abbott, Alejandro Ordonez, Annette Carrasco, Cristina Doyle or Kim Kimbriel, Mark Van Guyse, and Dimarys Pagan.**

**In addition, Defendants anticipate it will send written deposition questions by the discovery deadline to HEB, The Container Store, Walgreens and Walmart and perhaps one or two more.**

F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**The parties disagree on when the respective parties will be able to designate experts and provide reports.  See Section 11, below.**

G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

**Plaintiff (or the party with the burden of proof on an issue) anticipates deposing the Defendants' or any other party's experts within sixty (60) days after receiving their reports.**

H.  List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

**Defendants (or opposing party) anticipates deposing the Plaintiff's or any other party's experts within sixty (60) days after receiving their reports.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

> **Plaintiff proposes the following deadlines:**
>
> - **April 1, 2017 – Parties seeking affirmative relief to designate experts and provide reports.**
>
> - **June 1, 2017 – Deposition of affirmative relief experts completed.**
>
> - **May 1, 2017 – Designation of opposing experts and provide reports.**
>
> - **July 1, 2017 – Deposition of opposing experts completed.**
>
> **Defendants propose the following deadlines:**
>
> - **March 1, 2017 – Parties seeking affirmative relief to designate experts and provide reports.**
>
> - **May 1, 2017 – Complete deposition of affirmative relief experts.**
>
> - **May 1, 2017 – Designation of opposing experts and provide reports.**
>
> - **July 1, 2017 – Deposition of experts completed.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

> **None.**

13. State the date the planned discovery can be reasonably completed.

> **July 1, 2017.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

> **The parties have engaged in settlement discussions since early March 2016, and have also discussed the possibility of early mediation.  Counsel are conferring with their respective clients regarding the same.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

> **The parties have engaged in settlement discussions since early March 2016, and have also discussed the possibility of early mediation.  Counsel are conferring with their respective clients regarding the same.**

16.     From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**Counsel believe that this case may be resolved, or the issues narrowed, through early mediation.  Counsel are conferring with their respective clients regarding the same.**

17.     Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

**The parties do not agree on a trial before a magistrate judge.**

18.     State whether a jury demand has been made and if was made on time.

**The parties did not make a jury demand.**

19.     Specify the number of hours it will take to present the evidence in this case.

**Approximately thirty-five (35) hours.**

20.     List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**None.**

21.     List other motions pending.

**None.  Smash is considering a motion to dismiss Urman's amended counterclaim and will respond to that pleading on April 28, 2016.**

22.     Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**None.**

23.     Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

**Plaintiff filed a Disclosure of Interested Parties on February 24, 2016.  Defendant Urman filed a Disclosure of Interested Parties on March 10, 2016.**

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

**Steven A. Heath**
**(admitted pro hac vice and**
**'attorney-in-charge')**
**California State Bar No. 250867**
**saheath@heathsteinbeck.com**
**HEATH & STEINBECK, LLP**
**5777 W. Century Blvd., Suite 1670**
**Los Angeles, California 90045**
**Tel: (213) 335-6245**
**Fax: (213) 335-6246**
**Attorneys for Plaintiff and Counterclaim**
**Defendant Smash Enterprises Pty. Ltd.**

**William C. Ferebee**
**Texas State Bar No. 06907500**
**Federal ID No. 7017**
**Julie Benes**
**Texas State Bar No. 24094537**
**Federal ID No. 2646902**
**wferebee@ofmflaw.com**
**O' DONNELL, FEREBEE & FRAZER, P.C.**
**Two Hughes Landing**
**1790 Hughes Landin Blvd., Suite 550**
**The Woodlands, Texas 77380**
**Tel: (281) 875-8200**
**Fax: (281) 875-4962**
**Attorneys for Defendant and Counterclaim Plaintiff**
**Urman, Inc. and Defendant Manuel Del Castillo**

By each of our signatures below, Counsel represent that each understands that the Court will rely on these representations in entering its Scheduling Order.

Respectfully Submitted,

HEATH & STEINBECK, LLP

By: __/s/ *Steven A. Heath*_____
    Steven A. Heath
    (admitted pro hac vice and
    'attorney-in-charge')
    California State Bar No. 250867
    saheath@heathsteinbeck.com
    HEATH & STEINBECK, LLP
    5777 W. Century Blvd., Suite 1670
    Los Angeles, California 90045
    Tel: (213) 335-6245
    Fax: (213) 335-6246
    *Attorneys for Plaintiff and Counterclaim Defendant Smash Enterprises Pty. Ltd.*

Respectfully Submitted,

O' DONNELL, FEREBEE & FRAZER, P.C.

By: __/s/ *William C. Ferebee*_____
    William C. Ferebee
    State Bar No. 06907500
    Federal ID No. 7017
    wferebee@ofmflaw.com
    O' DONNELL, FEREBEE & FRAZER, P.C.
    Two Hughes Landing
    1790 Hughes Landin Blvd., Suite 550
    The Woodlands, Texas 77380
    Tel: (281) 875-8200
    Fax: (281) 875-4962
    *Attorneys for Defendant and Counterclaim Plaintiff Urman, Inc. and Defendant Manuel Del Castillo*

# CERTIFICATE OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is Heath & Steinbeck, LLP, 5777 W. Century Blvd, Suite 1670, Los Angeles, CA 90045.

On April 26, 2016, I served the **JOINT DISCOVERY/ CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE** on the interested parties in this action:

☒ **(BY E-MAIL OR ELECTRONIC TRANSMISSION)**
The document was served on the following via The United States District Court – Southern District of Texas's CM/ECF electronic transfer system which generates a Notice of Electronic Filing upon the parties, the assigned judge, and any registered user in the case:

William C. Ferebee
wferebee@ofmflaw.com
O' Donnell, Ferebee & Frazer, P.C.
Two Hughes Landing
1790 Hughes Landin Blvd., Suite 550
The Woodlands, Texas 77380
Tel: 281-875-8200
Fax: 281-875-4962
*Attorneys for Defendant and Counterclaim Plaintiff*
*Urman, Inc. and Defendant Manuel Del Castillo*

I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 26, 2016, here, at Los Angeles, California.

*/s/ Steven A. Heath*