UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SMASH ENTERPRISES PTY LTD.**, an Australian corporation,, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | |
| **URMAN, INC.**, a Delaware corporation and **MANUEL DEL CASTILLO**, an Individual, | § § § § | Case No. 4:16-cv-00490 |
| Defendants. | § § § | |
| **URMAN, INC.**, a Delaware corporation and **MANUEL DEL CASTILLO**, an Individual, | § § § § | |
| Third Party Plaintiff | § § | |
| v. | § § | |
| **ALEJANDRO ORDONEZ**, an Individual | § § § | |
| Third Party Defendant | | |

**ALEJANDRO ORDONEZ'S ORIGINAL ANSWER
TO THIRD PARTY COMPLAINT
AND COUNTERCLAIM**

**TO THE HONORABLE COURT:**

ALEJANDRO ORDONEZ, Third Party Defendant, files its Original Answer to URMAN, INC.'S Third Party Complaint, respectfully showing the Court as follows:

1

## ADMISSIONS & DENIALS TO THIRD PARTY PLAINTIFF'S
## FIRST AMENDED COUNTERCLAIM

1. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45 and, on that basis, denies them.

2. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46 and, on that basis, denies them

3. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 and, on that basis, denies them.

4. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 and, on that basis, denies them.

5. Defendant admits that The Sale of Goods Act of 1895 refers to "property" as stated in Paragraph 49 and also admits that the Distribution Agreement contains the quoted language in Paragraph 49. However, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49 and, on that basis, denies them.

6. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 50 and, on that basis, denies it.

7. Defendant admits the allegations in Paragraph 51.

8. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 and, on that basis, denies them.

9. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53 and, on that basis, denies them.

10. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 and, on that basis, denies them.

11. The legal document referenced in Paragraph 55 speaks for itself and therefore no answer is required.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 and, on that basis, denies them.

13. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57 and, on that basis, denies them.

14. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58 and, on that basis, denies them.

15. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59 and, on that basis, denies them.

16. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 and, on that basis, denies them.

17. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61 and, on that basis, denies them.

18. The document summarized in Paragraph 62 speaks for itself and therefore no answer is required.

19. Defendant admits the allegations in Paragraph 63.

20. The document referenced in Paragraph 64, *Exhibit 2*, speaks for itself and therefore no answer is required.

21. The document referenced in Paragraph 65, *Exhibit 2*, speaks for itself and therefore no answer is required.

22. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 and, on that basis, denies them.

23. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 67 and, on that basis, denies them.

24. Defendant admits that the quoted language in Paragraph 68 exists in *Exhibit 3*, however Defendant is without sufficient knowledge or information to form a belief as to the truth of whether Smash declined Urman's offer and, on that basis, denies this allegation.

25. Defendant denies the allegations in Paragraph 69.

26. Defendant denies the allegations contained in Paragraph 70.

27. Defendant denies the allegations contained in Paragraph 71.

28. Defendant denies the allegations in Paragraph 72.

29. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 73 and, on that basis, denies them. Defendant also denies the allegation in Paragraph 73 that he transmitted the information to Smash.

30. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 74 and, on that basis, denies them.

31. Defendant admits that the quoted language in Paragraph 75 exists *in Exhibit 5*, however Defendant denies the allegation in Paragraph 75 that he had given the information to Smash.

32. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 76 and, on that basis, denies the allegations. Furthermore, Defendant denies the allegation in Paragraph 76 that he transferred information, including Urman's customer list, to Smash.

33. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 77 regarding Smash's contact with Urman customers and, on that basis, denies them. Furthermore, Defendant denies the allegations contained in Paragraph 77 that he made an unauthorized transfer of information to Smash.

34. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 78 and, on that basis, denies them.

35. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 79 and, on that basis, denies them.

36. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 80 and, on that basis, denies them.

37. The email referenced in Paragraph 81, *Exhibit 7*, speaks for itself and therefore no answer is required.

38. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 82 and, on that basis, denies them.

39. The emails referenced in Paragraph 83, *Exhibit 6* and *Exhibit 7*, speak for themselves and therefore no answer is required. Furthermore, Defendant is without sufficient knowledge or information to form a belief as to the truth of the final allegation contained in Paragraph 83 regarding Abbots conduct and, on that basis, denies it.

40. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 84 and, on that basis, denies it.

41. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 85 and, on that basis, denies it.

42. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 86 and, on that basis, denies it.

43. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 87 and, on that basis, denies them.

44. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 88 and, on that basis, denies them.

45. Defendant denies the allegations in Paragraph 89.

## **COUNT 1 – BREACH OF DISTRIBUTION AGREEMENT**

46. Defendant hereby incorporates Paragraphs 1-45 as if fully set forth herein, so as to respond to Paragraph 90.

47. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 91 and, on that basis, denies them.

48. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 92 and, on that basis, denies them.

49. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 93 and, on that basis, denies them.

50. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 94 and, on that basis, denies them.

51. Paragraph 95 asserts a legal conclusion and therefore no answer is required. Alternatively, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 95 and, on that basis, denies them.

52. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 96 and, on that basis, denies them.

53. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 97 and, on that basis, denies them.

54. Paragraph 98 asserts a legal conclusion and therefore no answer is required. Alternatively, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 98 and, on that basis, denies them.

## COUNT 2 – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

55. Defendant hereby incorporates Paragraphs 1-54 as if fully set forth herein, so as to respond to Paragraph 99.

56. Paragraph 100 asserts a legal conclusion and therefore no answer is required. Alternatively, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 100 and, on that basis, denies them.

57. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 101 and, on that basis, denies them.

58. Defendant denies the allegations in Paragraph 102.

59. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 103 and, on that basis, denies them.

60. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 104 and, on that basis, denies them.

61. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 105 and, on that basis, denies them.

62. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 106 and, on that basis, denies them.

63. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 107 and, on that basis, denies them.

### COUNT 3 – VIOLATIONS OF THE
### TEXAS UNIFORM TRADE SECRETS ACT

64. Defendant hereby incorporates Paragraphs 1-63 as if fully set forth herein, so as to respond to Paragraph 108.

65. Defendant admits that the language contained in Paragraph 109 exists in the cited case.

66. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 110 and, on that basis, denies them.

67. Defendant denies the allegations in Paragraph 111.

68. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 112 and, on that basis, denies them. Furthermore, since the allegations in Paragraph 112 build on those contained in Paragraph 111, Defendant denies that he misappropriated information from Urman and also denies that he transferred misappropriated information to Smash.

69. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 113 and, on that basis, denies them.

70. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 114 and, on that basis, denies them.

71. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 115 and, on that basis, denies it.

## COUNT 4 – VIOLATIONS OF THE
## COMPUTER FRAUD AND ABUSE ACT

72.  Defendant hereby incorporates Paragraphs 1-71 as if fully set forth herein, so as to respond to Paragraph 116.

73.  Defendant admits that Paragraph 117 accurately describes 18 U.S.C. Section 1030.

74.  Defendant admits that Paragraph 118 accurately describes 18 U.S.C. Section 1030.

75.  Defendant admits that Paragraph 119 accurately describes 18 U.S.C. Section 1030.

76.  Defendant admits that Paragraph 120 accurately describes 18 U.S.C. Section 1030.

77.  Defendant admits that Paragraph 121 accurately describes 18 U.S.C. Section 1030.

78.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 122 and, on that basis, denies them.

79.  Defendant denies the allegations in Paragraph 123.

80.  Defendant admits the allegation in Paragraph 124 regarding authority to access trade secrets, but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 124 and, on that basis, denies them.

81.  Defendant denies the allegations in Paragraph 125.

82.  Defendant denies the allegations in Paragraph 126.

83.  Defendant denies the allegations in Paragraph 127.

84.  Defendant denies the allegations in Paragraph 128.

85.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 129 and, on that basis, denies them.

86.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 130 and, on that basis, denies them.

## COUNT 5 – TORTIOUS INTERFERENCE
## WITH EMPLOYMENT AGREEMENT

87. Defendant hereby incorporates Paragraphs 1-86 as if fully set forth herein, so as to respond to Paragraph 131.

88. Paragraph 132 asserts a legal conclusion and therefore no answer is required. Alternatively, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 132 and, on that basis, denies them.

89. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 133 and, on that basis, denies them. In the alternative, Defendant admits that the arbitration provision of the Employment Agreement is enforceable.

90. Defendant denies the allegations contained in Paragraph 134.

91. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 135 and, on that basis, denies them.

92. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 136 and, on that basis, denies them.

93. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 137 and, on that basis, denies them.

## ADMISSIONS AND DENIALS TO
## THIRD PARTY COMPLAINT AGAINST ORDONEZ

94. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 138 and, on that basis, denies them.

95. Defendant admits the allegations in Paragraph 139.

96. Defendant admits that he is a citizen of a foreign state, but is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 140 and, on that basis, denies them.

97. Defendant admits that he resides in the Southern District of Texas, but is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 141 and, on that basis, denies them.

## COUNT 1 – BREACH OF EMPLOYMENT AGREEMENT

98. Defendant hereby incorporates Paragraphs 1-97 as if fully set forth herein, so as to answer Paragraph 142.

99. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 143 and, on that basis, denies them. In the alternative, Defendant admits that the arbitration provision of the Employment Agreement is enforceable.

100. The document referenced in Paragraph 144, *Exhibit 1*, speaks for itself and therefore no answer is required.

101. Defendant denies the allegation in Paragraph 145.

102. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 146 and, on that basis, denies them.

103. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 147 and, on that basis, denies them.

104. Defendant denies the allegations in Paragraph 148.

## COUNT 2 – TORTIOUS INTERFERENCE
## WITH BUSINESS RELATIONS

105. Defendant hereby incorporates Paragraphs 1-104 as if fully set forth herein, so as to answer Paragraph 149.

106. Defendant denies the allegation in Paragraph 150.

107. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 151 and, on that basis, denies them.

108. Defendant denies the allegations contained in Paragraph 152.

109. Defendant denies the allegations contained in Paragraph 153.

110. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 154 and, on that basis, denies them.

111. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 155 and, on that basis, denies them.

112. Defendant is without sufficient knowledge or information to form a belief as to the truth of the extent of Urman's alleged damages and, on that basis, denies the allegations regarding Urman's alleged damages contained in Paragraph 156. Furthermore, Defendant denies the allegation in Paragraph 156 that he engaged in "wrongful conduct."

113. Defendant is without sufficient knowledge or information to form a belief as to the truth of the extent of Urman's alleged damages and, on that basis, denies the allegations in Paragraph 157.

## COUNT 3 – VIOLATIONS OF THE
## TEXAS UNIFORM TRADE SECRETS ACT

114. Defendant hereby incorporates Paragraphs 1-113 as if fully set forth herein, so as to answer Paragraph 158.

115. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 159 and, on that basis, denies them.

116. Defendant denies the allegations contained in Paragraph 160.

117. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 161 and, on that basis, denies them. Furthermore, since the allegations in Paragraph 161 build on those contained in Paragraph 160, Defendant denies that he misappropriated information from Urman and also denies that he transferred misappropriated information to Smash.

118. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 162 and, on that basis, denies them.

119. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 163 and, on that basis, denies them.

## COUNT 4 – VIOLATIONS OF THE
## COMPUTER FRAUD AND ABUSE ACT

120. Defendant hereby incorporates Paragraphs 1-119 as if fully set forth herein, so as to answer Paragraph 164.

121. Defendant denies the allegations contained in Paragraph 165.

122. Defendant denies the allegations contained in Paragraph 166.

123. Defendant admits the allegation in Paragraph 167 regarding authority to access trade secrets, but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 167 and, on that basis, denies them.

124. Defendant denies the allegations contained in Paragraph 168.

125. Defendant denies the allegations contained in Paragraph 169.

126. Defendant denies the allegations contained in Paragraph 170.

127. Defendant denies the allegation contained in Paragraph 171.

128. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 172 and, on that basis, denies them.

129. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 173 and, on that basis, denies them.

130. Defendant denies the allegation in Paragraph 174 that he breached the Employment Agreement and therefore also denies the allegation that Urman is entitled to recover attorney fees from him. Defendant further denies the allegation in Paragraph 174 that he violated the Uniform Trade Secret Act and therefore denies the allegation that Urman is entitled to recover attorney fees from him on that basis as well. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Smash's conduct and, on that basis, denies them.

## DEFENSES AND AFFIRMATIVE DEFENSES

131. Defendant signed an Employment Agreement with Urman on January 29, 2014, which contains a binding arbitration provision.

132. Paragraph 23 of the Employment Agreement expressly states that "Any dispute arising out of Employee's relationship with URMAN shall be resolved by binding arbitration, to be conducted in Houston, Harris County, Texas by a single arbitrator selected by the parties."

133. Since the Third Party Complaint contains allegations regarding Defendant's scope of authority and conduct during his employment with Urman, and bases Defendant's alleged liability on provisions of the binding Employment Agreement that continue to exist after termination of employment, Urman's Third Party Complaint is undoubtedly a dispute that arises out of Defendant's relationship with Urman and is therefore required to be resolved by binding arbitration pursuant to Paragraph 23 of the Employment Agreement.

134. Urman is bound by the terms of the Employment Agreement and therefore their Third Party Complaint against Defendant is precluded and should be dismissed.

## ATTORNEY FEES FOR THIRD PARTY CLAIM

135. Because Urman is bound by the arbitration requirement in Paragraph 23 of the Employment Agreement, but nevertheless filed its Third Party Claim against Ordonez, which is based on a dispute that arises out of the relationship between Ordonez and Urman, Ordonez is entitled to recover its reasonable and necessary attorney fees from Urman.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Third Party Defendant ALEJANDRO ORDONEZ prays that

    a.    Third Party Plaintiff URMAN INC. take nothing in its Third Party Complaint;

    b.    Defendant ALEJANDRO ORDONEZ be dismissed from this suit;

c.      Judgment be rendered for Defendant against Urman for attorney fees.

d.      Defendant be discharged with its costs, and for such other and further relief to which Defendant may show itself justly entitled.

Respectfully Submitted,

DOWNS   STANFORD, P.C.

By:    /s/ *Andrew Z. Schreck*
Andrew Z. Schreck
Texas State Bar No. 17813250
14090 Southwest Fwy Ste 270
Sugar Land, TX 77478
Telephone: (713) 234-7542
Facsimile (713) 234-7593

ATTORNEY FOR THIRD PARTY DEFENDANT
ALEJANDRO ORDONEZ

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing document has been served upon William C. Ferebee, counsel for URMAN and MANUEL DEL CASTILLO, and Steven A. Heath, counsel for SMASH ENTERPRISES PTY LTD, on this 8th day of July, 2016.

Steven A. Heath
Heath & Steinbeck, LLP
5777 W. Century Blvd.
Suite 1670
Los Angeles, CA 90045

William C. Ferebee
O'Donnell, Ferebee & Frazer, P.C.
Two Hughes Landing
1790 Hughes Landing Blvd., Suite 550
The Woodlands, Texas 77380

                                  /s/ *Andrew Z. Schreck*
                                  Andrew Z. Schreck